Schaier v Wee Care Child Care, LLC
2026 NY Slip Op 50925(U)
June 15, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Judgments—Default Judgment-Breach of Contract to Provide Child Care Services. Pleading—Sufficiency of Pleading-Fraud

Jonathan Schaier and Akiko Schaier, Plaintiffs-Appellants,
v
Wee Care Child Care, LLC Defendant.

Supreme Court, Appellate Term, First Department
Decided on June 15, 2026
570454/26
Present: Tisch, J.P., Perez, Alpert, JJ.

Plaintiffs appeal from a judgment of the Civil Court of the City of New York, New York County (Judy H. Kim, J.), entered March 25, 2019, which, upon granting their motion for a default judgment against defendant, limited their recovery to the principal sum of $4,630, and dismissed their remaining causes of action.
[*1]
Per Curiam.
Judgment (Judy H. Kim, J.), entered March 25, 2019, affirmed, without costs.
We affirm the grant of plaintiffs' motion for a default judgment in the principal amount of $4,630, albeit on different grounds. Plaintiffs were entitled to a default judgment on their breach of contract cause of action, not on the fraud cause of action. Plaintiffs' proof, including the written agreement between the parties and the joint affidavit of plaintiffs (see CPLR 3215 [f]), was sufficient to support a default judgment on their claim for breach of contract to provide child care services.
However, plaintiffs were not entitled to a default judgment on their fraud cause of action. Despite the default, the court has the authority to determine whether a valid cause of action is stated (see Walley v Leatherstocking Healthcare, LLC, 79 AD3d 1236, 1238 [2010]), and here, no cause of action for fraud is stated since the only fraud alleged relates to a breach of contract to provide proper child care services (see Springut Law PC v Rates Tech. Inc., 157 AD3d 645, 646 [2018]) and the fraud cause of action was not pleaded with the specificity required under CPLR 3016 (b).
In addition, plaintiffs' separate cause of action for punitive damages is not legally cognizable and was properly dismissed (see Jean v Chinitz, 163 AD3d 497, 498 [2018]). Furthermore, plaintiffs' allegations, at best, demonstrate ordinary negligence - for which punitive damages are not available (see Munoz v Puretz, 301 AD2d 382, 384 [2003]).
With respect to the General Business Law § 349 claim, the complaint failed to allege the type of conduct that would have a broad impact on consumers at large (see Golub v Tanenbaum-Harber Co., Inc., 88 AD3d 622, 623 [2011], lv denied 19 NY3d 806 [2012]; see also Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20 [1995]). In addition, the awarding of fees under that section "remains in the sole discretion of the court" [*2](Independent Living Aids, Inc. v Maxi-Aids, Inc., 25 F Supp 2d 127, 131 [ED NY 1998]; Beslity v Manhattan Honda, 120 Misc 2d 848 [App Term, 1st Dept 1983]).
We have examined plaintiffs' remaining contentions and find them to be improperly raised for the first time on appeal and/or without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 15, 2026